66 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David Thomas RHODES; Rickey Carper; Tom Johnstone; Joseph
S. Tortolito, also known as Steve Tortolito; Jimmie Charles
Weir; Fred Williams; Scott Remington; Leonal
Vargas-Lopez, also known as Cesar Garcia; Byron Lee
Boatner, Plaintiffs,
and
Craig Steven BLUMHAGEN, Plaintiff-Appellant,
v.
LARAMIE COUNTY BOARD OF COUNTY COMMISSIONERS; United States
Marshall; Rudy Restivo, Laramie County Sheriff,
Defendant-Appellees.
 No. 94-8046.
(D.C.No. 92-CV-180)
 United States Court of Appeals, Tenth Circuit.
 Sept. 12, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Plaintiffs, former inmates of the Laramie County Detention Center, appeal the district court's grant of summary judgment in favor of defendants--the Laramie County Sheriff, the Laramie County Board of Commissioners, and the United States Marshal. Plaintiffs have alleged violations of their Fifth, Eighth and Fourteenth Amendment rights by being forced to utilize showers in the detention center that produced water sometimes too hot and other times too cold. To operate the shower the prisoners had to continue to press buttons, which produced either hot or cold water only during the time the button was depressed. Plaintiffs asserted this prevented them from being able to soap and wash while maintaining a mix of hot and cold water. Some plaintiffs apparently were subjected to disciplinary violations for placing "shower shims" to jam the shower controls to force the water to stay on after their hands were removed from the controls.
 
 
 2
 The district court permitted discovery and exhibited unusual patience, permitting 177 entries on the district court's docket before finally denying relief in a twenty-two-page order.
 
 
 3
 We are in full agreement with the district court that neither the facts alleged nor the showings made through discovery established a case of cruel and unusual punishment or any other violation of the United States Constitution.
 
 
 4
 AFFIRMED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470